HPHFK.22.2002:12:02PM    NH1CU   TOWN OF COLCORD    918-326 4722 NO.413  P.4   P.02

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY.
STATE OF OKLAHOMA

**FILED**
APR 1 2 2002

| | |
|---|---|
| DOUG INMAN, an Individual, and LISA SWICEGOOD, an Individual<br><br>Plaintiffs,<br><br>vs.<br><br>TOWN OF COLCORD, OKLAHOMA, a Municipal corporation; DELMAN HARMON, Individually and as Mayor for the Town of Colcord, Oklahoma; STEVE ELLIS and NATHAN KUSTANBORTER, Individuals,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CV-02-195 |

### PETITION FOR WRONGFUL TERMINATION AND OPEN MEETING ACT VIOLATION

COMES now the Plaintiff, DOUG INMAN, and for his cause of action alleges and states as follows:

1.  The Plaintiff, DOUG INMAN, was at all times pertinent to this proceeding the Chief of Police at Colcord, Oklahoma and the Defendant, TOWN OF COLCORD, OKLAHOMA is a municipality within the County of Delaware County, Oklahoma. The individuals are residents within Delaware County, Oklahoma and this is the Court of competent jurisdiction.

### FIRST CAUSE OF ACTION FOR WRONGFUL TERMINATION

2.  The Plaintiff, DOUG INMAN was wrongfully terminated from his employment as Chief of Police for TOWN OF COLCORD, OKLAHOMA, on or about the 1st day of June, and continuing through the 12th day of June, 2001. During that period of time, which is unclear to the Plaintiff, he was terminated, wrongfully, as the Chief of Police for the Town of Colcord, Oklahoma.

LITIGATION
APR 17 2002

1

EXHIBIT
A

04/22/02  MON 12:00

3.  Pursuant to the Governmental Tort Claims Act, Title 51 O.S. §151, notice was given to the TOWN OF COLCORD on the 12th day of September, 2001, and receipted on the 17th day of September, 2001. Thereafter, the claim was neither admitted nor denied and, pursuant to Title 51 O.S. §157, the claim was by statute, deemed denied 90 days thereafter, or, upon or about December 17, 2001. In accordance with the foregoing, this claim was timely brought under the Governmental Tort Claims Act, Title 51, §157 (b).

4.  Plaintiff, DOUG INMAN, alleges and states and would show to the Court that he was Chief of Police at Colcord, Oklahoma, for nineteen months preceding his termination by the Mayor, DELMAN HARMON. The termination was conducted without notice, justification or any hearing or show cause proceedings.

5.  The Plaintiff, DOUG INMAN, further alleges and states and would show to the Court that the termination of the Plaintiff, DOUG INMAN, by the Town Board Acting by and through its Mayor, was retaliatory in nature arising out of the issuance of speeding tickets to one or more of the Town Board Members.

6.  The Defendant, DELMAN HARMON is the Mayor of the Town of Colcord, and violated the property rights of the Plaintiffs, and each of them, by effecting their termination, initially, without formal counsel action and, in addition, conducted such termination, initially, without providing an opportunity for hearing.

7.  The Defendant, STEVE ELLIS, is an individual and is a member of the Town Board of Trustees and participated in violation of the Open Meeting Act and the termination of the Plaintiffs.

8.  The Defendant NATHAN KUSTANBORTER is an individual and is a member of the Town Board of Trustees. He participated in the termination of the

2

LITIGATION
APR 17 2002
ASST.

Plaintiffs without the benefit of a hearing and in violation of the Open Meeting Act. Plaintiffs further allege and state that the individual Defendants, HARMON, ELLIS and KUSTANBORTER constitute a majority of the members of the Town Board of Trustees and that the termination of the Plaintiffs was retaliatory in nature and in violation of the Plaintiffs' proprietary right.

9. Prior to the termination of the Plaintiff, DOUG INMAN, he was gainfully employed as Chief of Police being paid a salary of $1,675 per month commensurate with the job duties, and in addition, being afforded other benefits such as insurance, pension, vacation and per diem.

10. As a result of the wrongful termination of the Plaintiff, DOUG INMAN, has been unable to obtain employment in other communities and Plaintiff alleges and states and would show to the Court that the other communities have been advised by the Defendants that he was fired for improper conduct. Plaintiff alleges and states that the Defendants have, in essence, "blacklisted" the Plaintiff from other employment as a law enforcement officer.

11. Plaintiff, DOUG INMAN prays for damages against the Defendants in the amount of $125,000 plus such other just and equitable relief as the Court deems proper.

## OPEN MEETING ACT VIOLATION

COMES now the Plaintiff, DOUG INMAN, and realleges and restates each and every material allegation as hereinbefore set forth, and further, for his cause of action arising out of the Open Meeting Act, joins with the Plaintiff, LISA SWICEGOOD, in stating as follows:

LITIGATION
APR 17 2002
ASST.

12.   LISA SWICEGOOD was working for the Defendant, TOWN OF COLCORD, as a volunteer first responder. In addition to providing a valuable service to the community, as a volunteer, LISA SWICEGOOD was also receiving valuable consideration in that she enjoyed the opportunity to provide a good and valuable service to the TOWN OF COLCORD and, in addition, gained valuable experience to enable her to enjoy the fruits of her labor.

13.   The Plaintiffs, jointly, allege and state and would show to the Court for their complaint arising out of the Open Meeting Act that following the termination of DOUG INMAN, and being accused by DELMAN HARMON of wrongful activity, scheduled a meeting on June 12, 2001; however, such meeting was scheduled in violation of the Open Meeting Act, Title 25 O.S. §301 et seq.

14.   Plaintiffs further allege and state and would show to the Court that they were, as a result of the improper and illegal proceedings conducted in violation of the Open Meeting Act, terminated and that such termination arose out of an unlawful and improper meeting, a nullity and therefore Plaintiffs, and each of them, should be restored to their positions held immediately prior to such unlawful meeting and further, should be restored to all benefits and compensation which they otherwise would have received.

15.   Plaintiffs further allege and state and would show to the Court that the meeting conducted on June 12, 2001, was in violation of the Opening Meeting Act for the reason that same was not posted in accordance with Title 25 O.S. §303 and that the Executive Session was conducted contrary and in violation of 25 O.S. §307.

16.   Plaintiffs further allege and would show to the Court that in addition to all actions having been taken, willful violation of the act being invalid, Title 25 O.S. §313,

4

LITIGATION
APR 17 2002
ASST

that the persons willfully violating should be determined to be guilty of a misdemeanor and punished in accordance with Title 25 O.S. §314.

WHEREFORE, premises above considered, Plaintiff, DOUG INMAN, brings this action under the Governmental Tort Claim Act, seeking compensation in the amount of $125,000 and, the Plaintiffs, DOUG INMAN and LISA SWICEGOOD, pleading jointly, pray to the Court that recovery be had arising out of the Defendants' violation of the Open Meeting Act, retaliatory discharge and unlawful termination and that the Plaintiffs, and each of them, be awarded such just and equitable relief as the Court deems proper and further, that the Defendants be punished in accordance with Title 25 of the Oklahoma Statutes.

FRAZIER & PHILLIPS
Attorneys for Plaintiffs
1424 Terrace Drive
Tulsa, OK 74104-4626
(918) 744-7200

BY: _____
PHIL FRAZIER, OBA# 3112

LITIGATION
APR 17 2002
ASST.